*211
By the Court:

Monell, J.
There was no substantial variance between the cause of action stated in the complaint and the cause of action proved on the trial. The plaintiffs’ allegation was, that the tuhole claim against Lloyd, amounting to $384, had been collected by the defendant. The proof showed that he had collected only $245. That sum the plaintiffs could recover under their complaint and created no variance. It was therefore proper to overrule the motion to dismiss the complaint.
The finding of the referee, upon what I consider sufficient evidence, that the defendant had the $300 note discounted and received therefrom the sum of $245, which he has not paid to the plaintiffs, necessarily disposes of one and perhaps the only defense.
That finding negatives the allegation that the plaintiffs received the note in settlement and satisfaction of the claim against the defendant, and overcomes the objection that the note should be returned, either before or at the trial.
The only other objection is that the recovery should have been for $200 instead of $245. To that objection we might apply the maxim da minimis non curat lex. The referee has found all the facts, upon which any such objection could have been predicated, against the defendant. All question in regard to the defendant’s compensation is disposed of by the uncontradicted evidence of one of the plaintiffs, who testified that the defendant agreed that they should receive $300, and at the same time remarked that Lloyd had paid him and the sheriff.
That evidence justified the referee’s disallowing the defendant any compensation, and in holding him liable to the plaintiffs for the whole amount he received upon the $300 note.
The objection to evidence was properly overruled.
I can discover no error in the proceedings on the trial or in the judgment, and it should therefore be affirmed.